[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11842

_____

D.C. Docket Nos. 1:15-cv-20550-RNS; 1:12-bkc-02010-LMI


DAVID BEEM,

                                                    Plaintiff - Appellee,

versus

GARY ALLAN FERGUSON,

                                                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 6, 2018)

Before JORDAN and JILL PRYOR, Circuit Judges, and REEVES,[*] District Judge.

PER CURIAM:

---

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

On August 24, 1992, Hurricane Andrew made landfall near Homestead, Florida, destroying at least 63,000 homes and 82,000 businesses, and leaving at least 175,000 people homeless. The extreme damage (about $25 billion) left an extensive amount of construction material debris across Homestead, and some entrepreneurs found new business opportunities among the wreckage. One of those men was Gary Ferguson, who in 1994 joined with David Beem to form Floors to Doors, Inc., which sold discount home improvement and building supplies. But like far too many homes in Hurricane Andrew's path, the business partnership between Mr. Ferguson and Mr. Beem collapsed. And, when that happened, the two did what disgruntled business partners often do—litigate.

This appeal marks the latest episode in a decade-long legal battle fought by Messrs. Ferguson and Beem in state and federal courts. Nine years ago, Mr. Beem won summary judgment in state court against Mr. Ferguson on his claim for "defamation; abuse of process." A jury awarded him damages on that claim in 2011 and the court entered judgment accordingly.

In 2012, Mr. Ferguson filed for bankruptcy and Mr. Beem sought to have the debt for that judgment declared non-dischargeable. Mr. Beem's lawyer, however, made a mistake. We must now decide whether Mr. Beem's untimely complaint in the adversary proceeding may relate back to the filing of a timely, but procedurally improper, motion in the bankruptcy case. We also must decide whether the

2

bankruptcy court appropriately granted Mr. Beem's motion for summary judgment, declaring Mr. Ferguson's debt non-dischargeable.  After careful review of the full record and the parties' briefs, and with the benefit of oral argument, we answer both questions yes, and affirm.

## I

Mr. Ferguson and Mr. Beem incorporated Floors to Doors, Inc. on December 15, 1994.  From that date until 2007, FTD served as a retailer of surplus building and construction supplies.  The parties admit that the business never thrived and, over time, the business relationship deteriorated.  The reasons for that deterioration have been hotly contested.  In October of 2007, Mr. Ferguson filed a complaint in state court, alleging that Mr. Beem had been embezzling funds from FTD.  Mr. Ferguson's complaint also alleged that Mr. Beem breached his fiduciary duties, and sought a judicial dissolution of FTD.  Mr. Beem responded with seven counterclaims (brought both derivatively on behalf of FTD and by Mr. Beem individually).  One of those seven counterclaims against Mr. Ferguson alleged "defamation; abuse of process," and was brought by Mr. Beem individually.  In it, Mr. Beem alleged that Mr. Ferguson engaged a "campaign of harassment and defamation" against him and had filed numerous baseless complaints with government agencies to harm his reputation and "for the improper purpose of extorting [him] into selling FTD."

3

In January of 2009, Mr. Beem obtained summary judgment on four of his claims, including Count Three. The court's order stated that the ruling on that count was:

> based upon the Court's finding that [Mr. Ferguson], despite having had more than a year to submit evidence in support of his allegation that Mr. Beem stole over $1 million from Floors to Doors, and despite [Mrs.] Ferguson's sworn testimony that she possessed this evidence before this lawsuit was filed, has failed to establish or submit any competent evidence of any such theft.

AP Doc. 106-1 at 72.[1] The state court held a trial on damages in March of 2011. The jury awarded Mr. Beem a total of $318,025, of which $118,025 was for attorney's fees "incurred … resulting from the necessity to defend against" Mr. Ferguson's complaint, and the remaining $200,000 was for "emotional damages which were the direct and proximate result of [Mr. Beem's] defending against" Mr. Ferguson's complaint. AP Doc. 106-1 at 75. The judgment was affirmed on appeal.

Mr. Ferguson filed a Chapter 11 bankruptcy petition on May 21, 2012. On August 9, 2012, Mr. Beem sought an unopposed extension to file a complaint objecting to the discharge of Mr. Ferguson's debt for the state court judgment under 11 U.S.C. § 523. The bankruptcy court granted the motion and set October 12, 2012, as the deadline to file the complaint and commence an adversary

---

[1] AP Doc. refers to the docket in the Adversary Proceeding, *Beem v. Ferguson*, Adv. Proc. No. 12-02010-LMI (Bankr. S.D. Fla. 2012).

proceeding under § 523. But instead of filing a "complaint" and initiating an adversary proceeding, Mr. Beem's attorney filed an original and an amended "Motion to Dismiss or for Determination of Non-Dischargeability of His Debt" on October 5 and 9, respectively. Then, apparently realizing his procedural mistake, Mr. Beem's attorney filed an adversary complaint regarding dischargeability on October 17, 2012.

Mr. Ferguson moved to dismiss the adversary complaint as untimely. The bankruptcy court ruled that the complaint was timely for two reasons: it could retroactively extend the deadline to file the complaint because there was excusable neglect and the complaint related back to the timely, but improperly filed, motion.

In September of 2014, Mr. Beem moved for summary judgment, arguing that the debt arising out of the state court judgment for abuse of process was non-dischargeable. The bankruptcy court granted Mr. Beem's motion on December 8, 2014, ruling that, as a matter of law, the state court abuse of process judgment constituted a non-dischargeable debt for a willful and malicious injury under § 523(a)(6).

Mr. Ferguson appealed the bankruptcy court's orders denying his motion to dismiss and granting Mr. Beem's motion for summary judgment to the district court, which affirmed, ruling that Mr. Beem's untimely adversary complaint

related back to the timely motion and that summary judgment was appropriate. This is Mr. Ferguson's appeal.

## II

In bankruptcy cases, we sit as a "second court of review" and "examine[ ] independently the factual and legal determinations of the bankruptcy court and employ[ ] the same standard of review as the district court." *In re Optical Techs., Inc.*, 425 F.3d 1294, 1299–1300 (11th Cir. 2005) (citation omitted). Factual findings of the bankruptcy court are reviewed for clear error, and legal conclusions by either the bankruptcy court or the district court are reviewed *de novo*. *Id.* at 1300. *See also In re Fin. Federated Title & Tr., Inc.*, 309 F.3d 1325, 1328–29 (11th Cir. 2002).

## III

The "central purpose" of the Bankruptcy Code "is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life with a clear field for future effort." *In re St. Laurent*, 991 F.2d 672, 680 (11th Cir. 1993) (quotation omitted). "[T]his 'fresh start' policy is only available to the 'honest but unfortunate debtor,'" *In re Fretz*, 244 F.3d 1323, 1326 (11th Cir. 2001) (quoting *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991)), and under 11 U.S.C. § 523, certain types of debts are not dischargeable. A debt incurred "for willful and malicious injury by the debtor to

6

another entity or to the property of another entity" is one such non-dischargeable debt.   11 U.S.C. § 523(a)(6).   For creditors asserting that a debt is non-dischargeable, the Federal Rules of Bankruptcy Procedure provide that the proper means to achieve a non-dischargeability determination is through an adversary proceeding.   *See* Fed. R. Bankr. P. 7001(6).   An adversary proceeding is commenced by the filing of a complaint, which usually must be done with the same court that is handling the bankruptcy petition.   *See* Fed. R. Bankr. P. 5005(a)(1); 7003.

"[A] complaint to determine the non-dischargeability of a debt under [11 U.S.C.] § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors."   Fed. R. Bankr. P. 4007(c).   Although the bankruptcy court may extend this deadline for cause upon the motion of a party in interest, the motion must be filed before the deadline expires.   *See id*.   We have explained that Rule 4007(c) removes a bankruptcy court's discretion to grant a *late filed* motion to extend time to file a dischargeability complaint.   *See In re Alton*, 837 F.2d 457, 459 (11th Cir. 1988).

In this case, the bankruptcy court purported to extend the deadline for Mr. Beem to file his complaint after the deadline had expired.   The district court, however, ruled that the bankruptcy court lacked the authority to retroactively extend this deadline.   Mr. Beem has not challenged this ruling on appeal.

7

Therefore, the only basis upon which Mr. Beem's non-dischargeability complaint could be timely is if it relates back, pursuant to Federal Rule of Bankruptcy Procedure 7015, to his motion to determine dischargeability that was filed in the main bankruptcy action before the deadline.

## A

Bankruptcy Rule 7015 incorporates Federal Rule of Civil Procedure 15. Rule 15(c) provides, in relevant part:

(c)  Relation Back of Amendments

(1)  When an Amendment Relates Back.  An amendment to a pleading relates back to the date of the original pleading when: …

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.

We must first determine whether Mr. Beem's timely filed motion in the bankruptcy case functioned as an "original pleading" to which the untimely adversary complaint related back.  If it does, we must then address the merits and consider whether the complaint's non-dischargeability allegations "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

We first address whether Mr. Beem's improperly filed and mislabeled motion qualifies as an "original pleading" to which relation back applies.  Mr. Ferguson presents a textual argument against the application of the relation back

8

doctrine.  First, Rule 15(c), incorporated into adversary proceedings by Bankruptcy Rule 7015, applies only to "pleadings."  *See* Fed. R. Civ. P. 15(c).  Next, a motion is not a "pleading" permitted by Bankruptcy Rule 7007 (which incorporates Federal Rule of Civil Procedure 7).  *See* Fed. R. Civ. P. 7; Fed R. Bankr. P. 7007.  Mr. Ferguson notes that Bankruptcy Rule 7001(6) requires a non-dischargeability claim to be pursued as an adversary proceeding.  *See* Fed. R. Bankr. P. 7001(6).  And, under Bankruptcy Rule 7003, an adversary proceeding must be commenced by the filing of a complaint.  *See* Fed. R. Bankr. P. 7003.

If these were the only applicable rules, we might agree with Mr. Ferguson.  But absent from Mr. Ferguson's analysis is Bankruptcy Rule 7008.  And when we add Bankruptcy Rule 7008 to the deck, Mr. Ferguson's argument falls.

Bankruptcy Rule 7008 provides that Federal Rule of Civil Procedure 8, which sets forth the pleading standard for a complaint, applies in adversary proceedings.  Rule 8 provides that to state a claim for relief, a pleading must contain the following: (1) "a short and plain statement of the grounds for the court's jurisdiction[;]" (2) "a short and plain statement of the claim showing the pleader is entitled to relief;" and (3) "a demand for the relief sought."  Fed. R. Civ. P. 8(a).  The short and plain statement of the claim "need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550

9

U.S. 544, 555 (2007)) (alteration omitted).    Rule 8 also makes clear that "[p]leadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e).  *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–14 (2002) (explaining that "[t]he liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of the claim").

Moreover, the "Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Conley v. Gibson*, 355 U.S. 41, 48 (1957), *abrogated in part by Twombly*, 550 U.S. at 563;[2] *Harris v. Garner*, 216 F.3d 970, 996 (11th Cir. 2000) (same).  *See also* 6-107 Collier Bankruptcy Practice Guide P. 107.03 ("[Rule] 8(e) provides that 'pleadings must be construed so as to do justice.'  This rule is at the very heart of the rules regarding pleadings.  'Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants.  They should not raise barriers which prevent the achievement of that end.'") (quoting *Maty v. Grasselli Chem. Co.*, 303 U.S. 197, 200 (1938)); *De Loach v. Crowley's Inc.*, 128

---

[2] We recognize that *Conley* has been abrogated in part.  In *Conley*, the Supreme Court stated that "a complaint could not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  355 U.S. at 45–46.  In *Twombly*, the Supreme Court "retire[d]" *Conley's* "no set of facts" pleading standard.  550 U.S. at 563.  But the Court did not completely abrogate *Conley* as it relied on *Conley's* statement that Rule 8's pleading standard required only that a complaint "give the defendant fair notice of" the plaintiff's claim and the grounds upon which it rests.  *Id.* at 555 (quoting *Conley*, 355 U.S. at 47).  The Court thus did not abrogate the portion of *Conley* on which we rely.

F.2d 378, 380 (5th Cir. 1942) ("Just what [Rule 8(e)] means is not clear, but it excludes requiring technical exactness, or the making of refined inferences against the pleader, and requires an effort fairly to understand what he attempts to set forth.").[3]

We have previously held that certain documents and filings were sufficient to constitute a "complaint" under Rule 8, even though they were not labeled as such. *See, e.g., Robinson v. City of Fairfield*, 750 F.2d 1507, 1511 (11th Cir. 1985) (a plaintiff's application for the appointment of counsel which stated "legal nature and factual basis of his claim"); *Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330, 1332 (11th Cir. 1984) (a plaintiff's right-to-sue letter and "charge of discrimination"); *Commodity Futures Trading Comm'n v. Am. Commodity Grp. Corp.*, 753 F.2d 862, 865 (11th Cir. 1984) (an application for an order to show cause was "the functional equivalent of a complaint").  Our sister circuits have done the same. *See, e.g, Page v. Ark. Dep't of Corr.*, 222 F.3d 453, 454–55 (8th Cir. 2000) (a plaintiff's letter and attachments sent to the district court sufficient to constitute a complaint under Title VII).  And, in the criminal context, we have determined that a government motion for a final order of forfeiture was "the

---

[3] In *Bonner v. City of Pritchard*, we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

11

functional equivalent of a complaint" and therefore was treated as a civil case.  *See United States v. De La Mata*, 535 F.3d 1267, 1278 (11th Cir. 2008).

We apply the same Rule 8 analysis here in determining whether Mr. Beem's motion should be treated as the functional equivalent of a complaint.  In doing so, we join the Ninth Circuit and several bankruptcy courts across the country that have applied the same analysis.  *See, e.g.*, *In re Dominguez*, 51 F.3d 1502, 1509 (9th Cir. 1995) (holding that a creditor's "discharge memorandum" was a sufficient "complaint" under Bankruptcy Rule 7008 to commence non-dischargeability proceeding); *In re Thompson*, 572 B.R. 638, 656 (Bankr. S.D. Tex. 2017); *In re Rand*, 144 B.R. 253, 255–56 (Bankr. S.D.N.Y. 1992); *In re Levine*, 132 B.R. 464, 467 (Bankr. M.D. Fla. 1991).

In our view, Mr. Beem's timely filed "Motion to Dismiss or for Determination of Non-Dischargeability of His Debt" satisfied the Rule 8 pleading requirements for a complaint.  The motion prominently requested the bankruptcy court to "enter an order holding Beem's debt is non-dischargeable," cited to § 523(a)(6) and the applicable legal standards, and included seven pages of facts detailing the basis for why Mr. Beem maintained that Mr. Ferguson's "gross and voluminous abuse of process" in the state case justified "non-dischargeability of debt."  Through these facts, the motion alleged that Mr. Ferguson filed a baseless lawsuit accusing Mr. Beem of stealing $1 million from FTD, that there was no

proof for such accusations, that Mr. Ferguson made an unfounded complaint to the Small Business Administration alleging Mr. Beem committed fraud, and that Mr. Beem prevailed on a judgment for abuse of process in the state court. These allegations, although contained in a "motion," clearly gave Mr. Ferguson "fair notice of what [Mr. Beem's] claim [was] and the grounds upon which it rest[ed]." *Twombly*, 550 U.S. at 555.

Mr. Beem's motion differs starkly from the motions and filings that other courts have found inadequate to constitute a complaint regarding non-dischargeability. *See In re Markus*, 313 F.3d 1146, 1150 (9th Cir. 2002) (motion stating "object debtors discharge," without setting forth legal criteria for non-dischargeability or "any facts having to do with the nature of the conduct that caused the debt, or a claim for relief based on non-dischargeability," held insufficient); *In re Bozeman*, 226 B.R. 627, 632 (8th Cir. B.A.P. 1998) (cover sheet describing "Nature of Suit" as "To determine the dischargeability of a debt" and motions to extend time to file complaint held insufficient because "they are insufficient to satisfy the notice requirements of the Federal Rules"); *In re Hunter*, 552 B.R. 864, 870 (Bankr. D. Kan. 2016) (initial filings insufficient because they were "so bare that, even if construed as an original pleading [they] did not sufficiently describe[ ] the 'conduct, transaction, or occurrence'").

13

We recognize that Mr. Beem's filing was denominated a "motion" and not a "complaint." It also does not contain a caption indicating that Mr. Beem is the plaintiff in an adversary proceeding against the defendant, Mr. Ferguson. Rather, it contains the caption of the main bankruptcy case. But these technical deficiencies are not determinative, for we have refused to treat the caption of a complaint as determinative of the nature of the action. *See Lundgren v. McDaniel*, 814 F.2d 600, 604 n.2 (11th Cir. 1987) (citing, in part, 5 C. Wright & A. Miller, Federal Practice & Procedure § 1321, pp. 458–59 (1969)). And bankruptcy courts have done the same. *See In re Morysville Body Works, Inc.*, 89 B.R. 440, 441–42 (Bankr. E.D. Pa. 1988) ("As a general proposition, this court is willing to overlook an error in presenting a complaint by motion, or vice versa. Our authority to do this flows from Rule 8[(e)] . . . . Our ability to overlook such structural deficiencies has become so accepted that it is often done as a matter of course, without further discussion.") (citations omitted); Bankr. Proc. Manual § 7007:2 (2017 ed.) ("A failure to properly denominate a pleading is not fatal. … Thus, pleadings should be given the effect required by their content without regard to the name given them by the pleader"). In everyday terms: if it walks like a complaint and talks like a complaint, it's a complaint—even though it calls itself a motion.

For these reasons, we agree with the bankruptcy court and the district court that Mr. Beem's motion, "although a deficient pleading, [was] sufficient to place

14

the debtor on notice of the claim against him and substantially complie[d] with the notice pleading requirements of Rule 7008." *In re Dominguez*, 51 F.3d at 1509.

**B**

Mr. Ferguson makes three additional arguments in support of reversal. We do not find them persuasive.

First, he argues that Mr. Beem failed to commence an adversary proceeding by the deadline prescribed in Bankruptcy Rule 4007 because he filed a motion (not a complaint) in the main bankruptcy action and not as a separate adversary proceeding. As noted, however, we have determined that Mr. Beem's motion was the functional equivalent of a complaint under Rule 8 and Bankruptcy Rule 7008. Because Mr. Beem's motion was the functional equivalent of a complaint, his adversary proceeding should be deemed commenced on the date which he filed the motion in the main bankruptcy action. Other bankruptcy courts have similarly found an adversary proceeding commenced even though the filing was made in the main bankruptcy case, and not as a separate adversary proceeding. *See In re Weeks Landing, LLC*, 439 B.R. 897, 908–09 (M.D. Fla. 2010) ("Although filed in the underlying bankruptcy case and not as a separate adversary proceeding, this still constitutes being 'filed' because an adversary proceeding 'is commenced by filing a complaint with the court.'") (quoting Fed. R. Bankr. P. 7003); *In re Rand*, 144 B.R. at 256 (concluding that a letter creditor sent to the bankruptcy judge

timely commenced an adversary proceeding).  We therefore disagree with Mr. Ferguson that Mr. Beem's complaint was untimely because it was filed in the main bankruptcy action.

Second, Mr. Ferguson argues that relation back is impermissible because the adversary proceeding is not the same proceeding as the bankruptcy case in which Mr. Beem timely filed his motion.  Mr. Ferguson's argument makes sense in an ordinary civil case—Rule 15 does not permit an amendment in one case to relate back to the filing of an earlier complaint in a separate action.  *See Dade Cnty. v. Rohr Indus., Inc.*, 826 F.2d 983, 989 (11th Cir. 1987).  *See also Velez-Diaz v. United States*, 507 F.3d 717, 719 (1st Cir. 2007) ("Rule 15(c), by its terms, applies to amended pleadings in the *same* action as an original, timely pleading; the pleading sought to be amended may not be a pleading filed in a different case.").  But the argument does not account for the unique meaning of "case" in the bankruptcy context.  "[T]he word 'case,' as used in the bankruptcy context, 'is a term of art' with a specialized meaning.  It 'refers to litigation commenced by the filing with the bankruptcy court of a petition under the appropriate chapter of Title 11.'  The term 'proceeding,' on the other hand, refers to a 'particular dispute or matter arising within a pending case—as opposed to the case as a whole.'"  *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 872 F.3d 57, 62–63 (1st Cir. 2017) (quoting *In re Caldor Corp.*, 303 F.3d 161, 168 n.3 (2d Cir. 2002)).  *See also In re*

16

*Thompson*, 965 F.2d 1136, 1140 (1st Cir. 1992) ("An adversary proceeding is a subsidiary lawsuit within the larger framework of a bankruptcy case."); 7 Collier on Bankruptcy 1109.04(1)(a)(i) (16th ed. 2016) ("Collectively, the term 'case' encompasses all of the discrete proceedings that follow the filing of a petition for bankruptcy relief, including adversary proceedings."). Accordingly, the adversary proceeding between Mr. Beem and Mr. Ferguson was part of the same "case" as Mr. Ferguson's larger bankruptcy case. This raises no barrier to relation back.

Third, Mr. Ferguson asserts that the outcome here is guided by our decision in *In re Mendenhall*, 572 F. App'x 858 (11th Cir. 2014). We disagree. *In re Mendenhall*, which is not binding because it is unpublished, considered only the late filing of a non-dischargeability complaint under Bankruptcy Rule 4007(c). *See id.* at 862–63. There was no timely filing of any document which could serve as an "original pleading" in that case. *See id.* Likewise, *In re Mendenhall*'s approval of "strict time limitations imposed by Rule 4007(c)" does not dictate the result here, where the creditor has made the facts supporting his objection to dischargeability known in a filing before the deadline. *Id.* at 863. The Ninth Circuit has recognized the same distinction—holding (like *In re Mendenhall*) that a bankruptcy court has no discretion to retroactively extend the Bankruptcy Rule 4007(c) deadline, *see Anwar v. Johnson*, 720 F.3d 1183, 1185–87 (9th Cir. 2013),

17

while also (like us here) permitting relation back when the requirements of Rule 15 are satisfied. *See In re Dominguez*, 51 F.3d at 1509.

## C

Because Mr. Beem's motion functioned as an original adversary complaint, we must next determine whether the allegations described in his later-filed complaint "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "The critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Makro Cap. of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1260 (11th Cir. 2008) (alteration and quotation omitted). Mr. Beem's later-filed complaint contains nearly-identical factual allegations regarding non-dischargeability as those in his timely motion. As noted, those allegations were sufficient notice to Mr. Ferguson that Mr. Beem objected to the dischargeability of the debt related to the abuse of process judgement. Thus, the same issue was clearly raised in the original pleading and the complaint may relate back to Mr. Beem's timely filing. *See Gibson v. Resolution Tr. Corp.*, 51 F.3d 1016, 1027 (11th Cir. 1995) ("[A]mendments to complaints relate back to the original filing date when the issue was raised in the original complaint.").

In sum, we agree with the bankruptcy court and district court that Mr. Beem's complaint for non-dischargeability under 11 U.S.C. § 523(a)(6) was timely

18

under the relation back doctrine provided by Bankruptcy Rule 7015. The bankruptcy court thus properly denied Mr. Ferguson's motion to dismiss.

## IV

We next must determine whether the grant of summary judgment in favor of Mr. Beem was appropriate. Both the bankruptcy court and the district court ruled that Mr. Ferguson's debt (in the form of Mr. Beem's state court judgment for "defamation; abuse of process") was a non-dischargeable debt under 11 U.S.C. § 523(a)(6). Applying our well-settled collateral estoppel precedent, we affirm the grant of summary judgment.

Collateral estoppel, which bars the relitigation of issues that have been adjudicated in a prior action, applies to an adversary proceeding challenging the dischargeability of a debt. *See In re Bush*, 62 F.3d 1319, 1322 (11th Cir. 1995). "If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect." *In re St. Laurent*, 991 F.2d at 675–76. Because Mr. Beem's judgment against Mr. Ferguson was rendered by a Florida state court, we look to Florida law.

Under Florida law, for collateral estoppel to apply, among other things, the issue at stake in this litigation must be identical to the one involved in the prior litigation. *See Arnowitz v. Home Diagnostics, Inc.*, 174 So. 3d 1062, 1066 (Fla. 4th DCA 2015). Issues are "sufficiently identical" when their elements and

19

requirements "closely mirror" each other.  *See In re St. Laurent*, 991 F.2d at 676 (quotation omitted).

Mr. Ferguson asserts that the issue at stake in the state court litigation regarding whether he acted willfully is not sufficiently identical to the requirement that there be a willful and malicious injury for a debt to be non-dischargeable under § 523(a)(6).  Thus, we must consider what Mr. Beem was required to prove for each claim.

Under Florida law, a claim for abuse of process has three elements: "(1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) the plaintiff was injured as a result of defendant's action." *Hardick v. Homol*, 795 So. 2d 1107, 1111 n.2 (Fla. 5th DCA 2001).  Florida courts have further explained that an action for abuse of process consists of a "*willful* and *intentional* misuse of process for some wrongful and unlawful object or collateral purpose."  *Gause v. First Bank of Marianna*, 457 So. 2d 582, 584 (Fla. 1st DCA 1984) (emphasis added) (citing *Peckins v. Kaye*, 443 So. 2d 1025, 1026 (Fla. 2d DCA 1983)).

In relevant part, § 523(a)(6) provides that any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is non-dischargeable.  "Willful" in this provision means "a deliberate or intentional *injury*,

not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). "Malicious" means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will." *In re Jennings*, 670 F.3d 1329, 1334 (11th Cir. 2012) (quotation omitted). To establish malice "a showing of specific intent to harm another is not necessary." *Id*. (quotation omitted).

We agree with the bankruptcy court and the district court that the state court judgment for abuse of process and the requirements of non-dischargeability for knowing and willful injury under § 523(a)(6) are sufficiently identical for collateral estoppel purposes. Abuse of process contains an express requirement of willfulness or intent, just like § 523(a)(6). *Compare Gause*, 457 So. 2d at 584, *with Kawaauhau*, 523 U.S. at 61. It also requires an ulterior motive or purpose, *Hardick*, 795 So. 2d at 1111 n.2, which closely mirrors the lack of just cause requirement for malice. *See In re Jennings*, 670 F.3d at 1334 (transfer of property without just cause and effected only to prevent creditor from satisfying personal injury judgment was malicious under § 523(a)(6)). It is thus unsurprising that our sister circuits have held that similar abuse of process judgements are non-dischargeable. *See In re Scarborough*, 171 F.3d 638, 642–44 (8th Cir. 1999); *In re Abbo*, 168 F.3d 930, 932 (6th Cir. 1999).[4]

---

[4] Our conclusion is not altered by the captioning of Count Three as one for "defamation; abuse of

21

Mr. Ferguson seeks to relitigate the state court judgment, raising facts to dispute whether his conduct was actually willful and malicious. But, he had a "full and fair opportunity to litigate that issue in the earlier case," and therefore collateral estoppel bars relitigation of that issue. *See Allen v. McCurry*, 449 U.S. 90, 94–95 (1980). In sum, Mr. Ferguson wants an impermissible "second bite at the apple" despite having fully participated in the prior action that resulted in an adverse judgment for abuse of process. *See In re Bush*, 62 F.3d at 1324. The bankruptcy court and the district court correctly determined that collateral estoppel prevented this relitigation and that Mr. Ferguson caused willful and malicious injury to Mr. Beem. Therefore, we affirm the grant of summary judgment.

## V

For the foregoing reasons, we find that the bankruptcy court and the district court properly determined that Mr. Beem's complaint related back to his previous filing (the motion), and affirm the grant of summary judgment in favor of Mr. Beem.

---

process." Count Three explicitly included the requisite elements of abuse of process. For example, Mr. Beem alleged that Mr. Ferguson filed false complaints with government agencies "for the improper purpose of extorting" him. *See* AP Doc. 106-1 at 63. Extortion is often associated with abuse of process. *See Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984). In granting summary judgment on Count Three, the state court noted that Mr. Ferguson failed to support his allegations with any evidence, despite prosecuting the action for more than a year. Moreover, the jury damage award specifically found that Mr. Beem suffered "emotional damages which were the direct and proximate cause of his defending against Gary Ferguson's Complaint," which is consistent with damages for abuse of process. And, further reinforcing this conclusion, the arguments on appeal to the Florida appellate court focused on abuse of process.

**AFFIRMED.**